UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-24538-CIV-JAL

SANTOS MARTINEZ a/k/a SANTOS )
MARTINEZ NAJARRO and all others )
Similarly situated under 29 W.S.C. )
216(b) )
 )
      Plaintiff, )
vs. )
 )
NIDO CAFFE 110 LLC, d/b/a NI.DO. )
CAFFE & MOZZARELLA BAR, )
DAIAN ESCALANTE. )
 )
      Defendants. )
_____)

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, NIDO CAFFE 110 LLC, d/b/a NI.DO CAFFE & MOZZARELLA BAR, and DAIAN ESCALANTE ("hereinafter "Defendant"), through its undersigned counsel, files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, SANTOS MARTINEZ, a/k/a SANTOS MARTINEZ NAJARRO and all other similarly situated, and in support thereof, states as follows:

## ANSWER

In response to the unnumbered paragraph preceding paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to sue Defendant on behalf of himself and "all others similarly situated" but denies that any current or former employees are similarly situated to Plaintiff, that Plaintiff's claims have any merit, that Plaintiff has suffered any harm

for which Defendant is liable, and that Plaintiff is entitled to any relief from Defendant.

1. In response to paragraph 1 of the Complaint, Defendant acknowledges that this Court has jurisdiction over claims arising under the Fair Labor Standards Act ("FLSA") but denies, in so far as paragraph 1 alleges or implies, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.

2. In response to paragraph 2 of the Complaint, Defendant states that it is without sufficient knowledge to admit or deny Plaintiff's county of residence and therefore denies said allegations and demands strict proof thereof.

3. In response to paragraph 3 of the Complaint, Defendant admits it conducts business in Miami-Dade County, Florida.  Defendant states that the remaining allegations contained in paragraph 3 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations and demands strict proof thereof.

4. In response to paragraph 4 of the Amended Complaint, Defendant admits he is a corporate officer and/or owner and/manager of the Defendant Corporation.  Defendant states that the remaining allegations contained in paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations and demands strict proof thereof.

5. In response to paragraph 5 of the Complaint, Defendant acknowledges that venue is proper in the Southern District of Florida but denies, in so far as paragraph 5 alleges or implies, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.

## **COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

In response to the unnumbered heading, which states "Count I. Federal Overtime Wage Violation," Defendant denies any allegations or implications made thereby, including any allegation that Defendant acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendant.

6. In response to paragraph 6 of the Complaint, Defendant admits that Plaintiff purports to sue Defendants under federal law on behalf of himself and "others similarly situated employees " but denies that any current or former employees are similarly situated to Plaintiff, that any current or former employees have not been paid the minimum wage and/or overtime for work performed in excess of 40 hours per work week, that Plaintiff's claims have any merti, that Plaintiff has suffered any harm for which Defendant is liable, and that Plaintiff is entitled to any relief from Defendant.

7. In response to paragraph 7 of the Complaint, Defendant acknowledges that this Court has jurisdiction over claims arising under the FLSA but denies, in so far as paragraph 7 alleges or implies, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.

8. In response to paragraph 8 of the Complaint, Defendant states that the allegations contained therein state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 8 of the Complaint and demands strict proof thereof.

9. In response to paragraph 9 of the Complaint, Defendant admits it employed Plaintiff on or about November, 2015 through on or about October 25, 2016.

10. In response to paragraph 10 of the Complaint, Defendant states that the allegations contained therein state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 10 of the Complaint and demands strict proof thereof.

11. In response to paragraph 11 of the Complaint, Defendant states that the allegations contained therein state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 11 of the Complaint and demands strict proof thereof.

12. In response to paragraph 12 of the Complaint, Defendant admits that Defendant Corporation's had gross sales or business done in excess of $500,000 annually for the year 2015. Nevertheless, Defendant denies that Defendant Corporation's had gross sales or business done in excess of $500,000 annually for the year 2014.

13. In response to paragraph 13 of the Complaint, Defendant is without knowledge as to the truth or falsity of the allegations in said paragraph, and therefore denies the said allegations.

14. In response to paragraph 14 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

15. In response to paragraph 15 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

16. In response to paragraph 16 of the Complaint, Defendant acknowledges Plaintiff is seeking to recover the half time rate based on the Federal minimum wage rate for each hour above 40 in a week but denies, in so far as those allegations allege or imply, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff

suffered or is entitled to any amount of damages or any other relief from Defendant.  Defendant denies the remaining allegations contained therein and demands strict proof thereof.

17. In response to paragraph 17 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

In response to the Wherefore Clause of Count I of the Complaint, Defendant acknowledges that Plaintiff seeks a trial by jury but denies the remaining allegations contained therein, including the extent they imply that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES AND DEFENSES

Subject to and without waiving the above denials, Defendant alleges the following further and separate affirmative defenses and defenses:

1. There is no individual coverage under the FLSA in that Plaintiff (and any other individuals similarly situated) did not engage in commerce or in the production of goods for commerce.

2. Defendant has violated no legal or contractual duty owed to Plaintiff or any other individuals allegedly similarly situated.  Therefore, Plaintiff and other individuals allegedly similarly situated are not entitled to recover against Defendant.

3. Plaintiff and any other individuals allegedly similarly situated have been paid all wages which were due and owing and to which they were entitled to.

4. If Plaintiff and any other individuals allegedly similarly situated prove that Defendant acted in violation of the FLSA, such actions were not willful or reckless but rather in good faith and based on a reasonable belief that such actions were not in violation of the FLSA.

Thus, neither liquidated damages nor an extended statute of limitations is warranted.

5. If Plaintiff's claims and the claims of any other individuals allegedly similarly situated for unpaid wages, if any, are *de minimus,* and therefore not subject to payment and do not violate the FLSA.

6. Defendant asserts that Plaintiff is estopped from bringing this action for overtime wages in an amount in excess of that asserted in any records kept of his time worked for Defendant.

### DEMAND FOR JURY TRIAL

Defendant demands a trial on all issues so triable as of right.

### RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other affirmative defenses and defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismissing Plaintiff's claims with prejudice and awarding Defendant its costs and reasonable attorney's fees.

Respectfully submitted this 19th day of December, 2016.

By: /s/ Pamela Ferretjans
Pamela Ferretjans, Esq.
Florida Bar No. 124989
**FERRETJANS LAW, PLLC.**
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 925-0811
Direct Line: (786) 859-4755
E-mail: PF@PFlawoffice.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was on this 19th day of December 2016, furnished to all interested parties via the CF/ECF filing system.

By: */s/*Pamela Ferretjans
Pamela Ferretjans, Esq.

FERRETJANS LAW, PLLC
ATTORNEY AT LAW